IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MELVIN J. TAYLOR,

           Petitioner,

v.                                      CIVIL ACTION NO. 5:05-cv-00781

DAVID BERKEBILE, Warden,

           Respondent.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Melvin Taylor's Motion for Reconsideration [Docket 27]. Petitioner requests that the Court reconsider its Memorandum Opinion and Order of March 24, 2009. In that Order, the Court denied Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody [Docket 1] for failure to state a claim against the named respondent, Todd Craig, Warden of the Federal Correctional Institute-Beckley (FCI Beckley).[*] Petitioner was incarcerated at FCI Beckley at the time this § 2241 petition was filed. He has since been transferred to the United States Penitentiary-McCreary in Pine Knot, Kentucky. In light of this Court's reading of *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), *see Manigan v. Felts*, 5:06-CV-350, 2007 U.S. Dist. LEXIS 66863, at *6–*9 (S.D. W. Va. Aug. 14, 2007); *Wilkes v. Anderson*, 5:04-CV-1304, 2007 U.S. Dist. LEXIS 11789, at *3 n.1 (S.D. W. Va. Feb. 20, 2007); *accord Griffin v. Ebbert*,

---

[*] Todd Craig was recently replaced as warden of FCI Beckley by David Berkebile. In accordance with Rule 25(d) of the Federal Rules of Civil Procedure, David Berkebile is substituted as the party Respondent in this civil action.

3:07-CV-2239, 2009 U.S. Dist. LEXIS 27245 (M.D. Pa. Mar. 30, 2009), and because the Court no longer has jurisdiction over Petitioner's immediate custodian, the Court did not reach the merits of Petitioner's core habeas claims.

The Court refrained from dismissing the action, however. Construing the pro se petition liberally, as the Court must, it was apparent that Petitioner had raised potentially viable claims under 42 U.S.C. § 1983. Accordingly, Petitioner was granted leave to amend the complaint.

In his motion for reconsideration, Petitioner declines the invitation to amend the complaint. Instead, he states his intention to file a § 1983 action against the United States Parole Commission in the District of Columbia. He also indicates a desire to pursue his § 2241 habeas claims further in the district in which he is incarcerated. To this end, the motion requests that this matter be transferred to the Eastern District of Kentucky.

The Court's authority for transferring cases for lack of jurisdiction is provided by 28 U.S.C. § 1631. This statute states that "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631; *cf.* 28 U.S.C. §§ 1404(a); 1406(a) (permitting transfers to districts in which the case could have been brought). At the time the instant petition was filed, it could not have been brought in the Eastern District of Kentucky. Therefore, § 1631 does not permit the transfer requested by Petitioner. Furthermore, the Court notes that the intended transferee forum has not been receptive to habeas petitions transferred to its jurisdiction under similar circumstances. *See, e.g.*, *Parks v. Williamson*, 08-403-GFVT, 2009 U.S. Dist. LEXIS 9240, at *6 (E.D. Ky. Feb. 6, 2009).

The Court is without authority to grant the relief Petitioner requests. Therefore, the Motion for Reconsideration [Docket 27] is **DENIED**.

Petitioner has not availed himself of the opportunity to amend the complaint in this matter. Furthermore, he has expressed his intention to pursue his § 1983 claims in the District of District of Columbia and his § 2241 claims in the Eastern District of Kentucky. Nothing remains for this Court to adjudicate. Thus, for the reasons stated above and in the Memorandum Opinion and Order of March 24, 2009, this action is hereby **DISMISSED WITHOUT PREJUDICE**. A separate Judgment Order will be entered this day implementing the rulings contained herein.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 13, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE